UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| WURTH ELECTRONICS ICS, INC., | : | |
| | : | |
| Plaintiff, | : | Case No. 3:23-cv-82 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| MOHAMED ELEMARY, *et al.*, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| Defendants. | : | |

---

ENTRY AND ORDER SETTING BRIEFING SCHEDULE AND HEARING FOR PLAINTIFF'S AMENDED MOTION FOR PRELIMINARY INJUNCTION (WITHIN DOC. NO. 6) AND DENYING, WITHOUT PREJUDICE TO REFILING, PLAINTIFF'S REQUEST FOR EXPEDITED DISCOVERY (WITHIN DOC. NO. 6)

---

Pending before the Court is a portion of the Amended Motion for Temporary Restraining Order and Preliminary Injunctive Relief (Doc. No. 6) (the "Motion") filed by Plaintiff Wurth Electronics ICS, Inc. ("Wurth" or "Plaintiff"). Defendant Mohamed Elemary ("Elemary") is alleged to be a former employee of Wurth. (Doc. No. 1 (Verified Complaint) at PageID 1.) The other defendant in this case—Uhandis Product Design, LLC ("Uhandis")—is alleged to be a competitor of Wurth that Elemary founded. (*Id.* at PageID 1, 9-10.) Wurth generally alleges that Elemary was its Director of Engineering, left its employment after approximately three years, founded and works for Uhandis, misappropriated Wurth's trade secrets, and violated various provisions of his employment agreement with Wurth (e.g., non-disclosure, non-compete, and non-solicitation provisions). (*See generally* Doc. No. 1 and Doc. No. 6.)

In the Motion, among other things, Wurth seeks (1) a preliminary injunction "to prevent Defendants from [allegedly] continuing to utilize and possess Plaintiff's confidential, proprietary,

1

and trade secret information and upon information and belief, using that confidential and proprietary information with intent to cause irreparable injury to Plaintiff" (Doc. No. 6-1 at PageID 103); and (2) "[a]n order permitting immediate and expedited discovery to allow Wurth to ascertain the full extent of Defendants' [allegedly] improper conduct and the extent of damages they have [allegedly] caused Wurth to suffer." (Doc. No. 6 at PageID 98.)  This order addresses those two requests only.

First, as the Court discussed with counsel for all parties during the March 28, 2023 telephone conference, the Court **ORDERS** that Defendants' response to Plaintiff's request for a preliminary injunction is due on or before April 17, 2023; Plaintiff's reply to Defendants' response is due on or before April 24, 2023; and, the hearing on the request for a preliminary injunction is set for Friday, May 5, 2023 at 9:00 a.m. in Courtroom 2 before the undersigned.

Second, the Court **DENIES** Wurth's broad, non-specific request for expedited discovery, without prejudice to Wurth filing a motion that specifies the expedited discovery that it seeks (including, if applicable, attaching proposed document requests, interrogatories, requests to admit, or names of persons to be deposed) and provides support for its request(s).  *PUI Audio, Inc. v. Van Den Broek*, No. 3:21-cv-284, 2021 U.S. Dist. LEXIS 214200, 2021 WL 5166402, at *1-2 (S.D. Ohio Nov. 5, 2021) (district courts within this circuit apply a good cause standard in determining whether to permit expedited discovery, it is the movant's burden to show good cause, and the scope of the proposed discovery request is relevant to whether good cause exists; granting, in part, and denying, in part, a motion for limited expedited discovery in anticipation of an evidentiary hearing on a motion for preliminary injunction following the entry of a temporary restraining order).

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, April 3, 2023.

                                                  s/Thomas M. Rose

                                       _____
                                                    THOMAS M. ROSE
                                   UNITED STATES DISTRICT JUDGE