UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| WURTH ELECTRONICS ICS, INC., | : | |
| Plaintiff, | : | Case No. 3:23-cv-82 |
| v. | : | Judge Thomas M. Rose |
| MOHAMED ELEMARY, *et al.*, | : | Magistrate Judge Peter B. Silvain, Jr. |
| Defendants. | : | |

**ENTRY AND ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTION FOR EXPEDITED DISCOVERY (DOC. NO. 22)**

In this case, Plaintiff Wurth Electronics ICS, Inc. ("Wurth") generally alleges that Defendant Mohamed Elemary ("Elemary") was its Director of Engineering; left its employment after approximately three years; founded and works for Defendant Uhandis Product Design, LLC ("Uhandis"); misappropriated Wurth's trade secrets; and violated various provisions of his employment agreement with Wurth (e.g., non-disclosure, non-compete, and non-solicitation provisions). (*See generally* Doc. No. 1 and Doc. No. 6.) On April 3, 2023, the Court entered a Consent Temporary Restraining Order and scheduled an evidentiary hearing to take place on May 5, 2023 regarding Wurth's request for a preliminary injunction. (Doc. No. 17; Doc. No. 18.) The parties' Consent Temporary Restraining Order states, in part, that "Wurth's request for [a] preliminary injunction concerning Defendants' violation of Wurth's non-compete and compliance with [the] same remains ongoing and in dispute." (Doc. No. 17 at PageID 178.)

Now pending before the Court is the Motion for Expedited Discovery (Doc. No. 22) (the "Motion"), filed on April 12, 2023 by Elemary and Uhandis (collectively, "Defendants"). Pursuant to an accelerated briefing schedule, Wurth filed a Response in Opposition to the Motion (Doc. No.

1

23) and Defendants filed a Reply (Doc. No. 24). The Motion is ripe for review and decision.

In the Motion, Defendants ask the Court for an order "permitting expedited discovery in this matter." (Doc. No. 22.) More specifically, Defendants request an order (1) "permitting Defendants to take the depositions of Plaintiff's Chief Executive Officer William Triska and Plaintiff's Human Resource Manager Victor Reasinger on April 26, 2023"; and (2) "requiring Plaintiff to produce the documents requested" in ten production requests "by no later than 12:00 pm on April 19, 2023." (*Id.* at PageID 212-13.) Defendants submitted a proposed order granting the expedited discovery requests as a whole. (Doc. No. 22 at PageID 217-18.) In response, Wurth argues that the Defendants' request for expedited discovery is untimely and that, if not untimely, it "should be denied due to the burdensome, harassing, and broad nature of Defendants' demands." (Doc. No. 23 at PageID 221.)

## I.     LEGAL STANDARDS

"The Federal Rules of Civil Procedure allow a district court to order expedited discovery, even before the parties have conferred as required by Federal Rule of Civil Procedure 26(f)." *PUI Audio Inc. v. Van Den Broek*, No. 3:21-cv-284, 2021 U.S. Dist. LEXIS 214200, 2021 WL 5166402, at *1 (S.D. Ohio Nov. 5, 2021) (citing Fed. R. Civ. P. 26; *Lemkin v. Bell's Precision Grinding*, No. 2:08-cv-789, 2009 U.S. Dist. LEXIS 126739, 2009 WL 1542731, at *1 (S.D. Ohio June 2, 2009)). "[D]istrict courts within this circuit have applied a good cause standard in determining whether or not to permit expedited discovery." *Lemkin*, 2009 WL 1542731, at *2. "The party seeking expedited discovery has the burden of showing good cause." *PUI Audio*, 2021 WL 5166402, at *1; *see also N. Atl. Operating Co., Inc. v. JingJing Huang*, 194 F. Supp. 3d 634, 637 (E.D. Mich. 2016) ("[p]ursuant to Federal Rule of Civil Procedure 26(d)(1), parties can begin discovery before their Rule 26(f) conference if a district court authorizes them to do so upon a

showing of good cause").

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Lemkin*, 2009 WL 1542731, at *2. "Good cause is often found in cases alleging infringement or unfair competition, or where evidence may be lost or destroyed with time (i.e., without expedited discovery)." *PUI Audio*, 2021 WL 5166402, at *1 (internal quotation marks omitted). "The scope of the discovery request is also relevant to whether or not good cause exists." *Id.* (internal quotation marks omitted); *see also St. Louis Grp. v. Metals and Additives Corp., Inc.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011) ("[i]n a good cause analysis, a court must examine the discovery request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances") (internal quotation marks omitted; emphasis removed). "[T]he subject matter related to requests for expedited discovery should be narrowly tailored in scope." *St. Louis Grp.*, 275 F.R.D. at 239. In analyzing proposed expedited production requests to determine whether the need for the requested documents outweighs the prejudice to the responding party, courts may want to consider whether the requests are for specifically identifiable documents (e.g., a defendant's employment agreement or personnel file) that can be easily located, gathered, and produced. *See, e.g., PUI Audio*, 2021 WL 5166402, at *2 (granting, in part, motion for expedited discovery in a case involving alleged misappropriation of trade secrets and an impending preliminary injunction hearing). Ultimately, "the trial court retains broad discretion in establishing the timing of discovery" and whether to allow the requested expedited discovery. *Lemkin*, 2009 WL 1542731, at *2 (citing Fed. R. Civ. P. 26(d)(2)); *see also Pittman v. Experian Info. Solutions, Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (the court of appeals "reviews decisions regarding discovery matters under an abuse of discretion standard"); *Med Vets, Inc. v. VIP Petcare Holdings,*

*Inc.*, 811 F. App'x 422, 424 (9th Cir 2020) ("review[ing] the order denying expedited discovery for abuse of discretion"); *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009) (denying motion for expedited discovery and explaining that, "in every case, the court has the discretion, in the interests of justice, to prevent excessive or burdensome discovery") (internal quotation marks omitted).

## II. APPLICATION

First, the Court addresses Wurth's argument that the Motion is untimely. The Court disagrees with Wurth that "[t]he time to request expedited discovery has come and gone." (Doc. No. 23 at PageID 221.) While the Court understands Wurth's assertion that "Defendants' request should have (and could have) been made" earlier (*id.*), that does not bar Defendants' request for expedited discovery.[1] *See* Fed. R. Civ. P. 26(d)(1); *PUI Audio Inc.*, 2021 WL 5166402, at *1; *N. Atl. Operating Co.*, 194 F. Supp. 3d at 637. Wurth cites no legal authority or court order showing otherwise. The Motion is not untimely.

Next, in analyzing the Motion, the Court has considered Defendants' proposed expedited discovery requests based on the record to date and the circumstances presented (including the scope of the requested preliminary injunction, the timing of the preliminary injunction hearing, and the scope of the discovery requests). *See PUI Audio*, 2021 WL 5166402, at *2. This is a case where the plaintiff is alleging unfair competition, including misappropriation of trade secrets, and there is a fast-approaching evidentiary hearing for preliminary injunctive relief. (*See generally* Doc. No. 1 (Verified Complaint); Doc. No. 6 (Amended Motion for TRO and Preliminary Injunctive Relief); Doc. No. 18.) However, the Court generally finds that Defendants' proposed discovery requests as a whole, and a majority of the individual requests, are unduly burdensome

---

[1] It is apparent from the briefing that the parties have conducted at least some informal discovery among themselves. (*See* Doc. No. 23 at PageID 222.)

4

on Wurth and are not narrowly tailored to the issues relevant to the preliminary injunction determination.[2] The prejudice to Wurth is not outweighed by the need for the proposed expedited discovery, in consideration of the administration of justice. Thus, Defendants have not shown good cause regarding the proposed requests as a whole and several of the individual requests. *See Am. LegalNet*, 693 F. Supp. 2d at 1069-70 (analyzing individual proposed discovery requests in the motion for expedited discovery); *St. Louis Grp.*, 275 F.R.D. at 240 ("expedited discovery is not the norm"). This includes, but is not limited to, Defendants' request that two of Wurth's high-level employees each appear for a deposition. There is no indication that the requested depositions would be limited in duration or narrowly tailored to obtain information relevant to the preliminary injunction determination.[3] *Am. LegalNet*, 673 F. Supp. 2d at 1069 (denying expedited discovery request for a deposition where "plaintiff has made no effort to limit the topics on which it seeks to depose [defendant former employee] to those topics pertinent to its motion for a preliminary

---

[2] Some of the individual requests clearly would result in undue burden or expense (greatly prejudicing Wurth), particularly given the shortened time frame for production. For example, proposed production request number 1 seeks "[a]ny and all correspondence (including, but not limited to, emails and other electronic communications) that was sent or received from January 1, 2022 to the present that pertain, refer, or relate to: (a) Defendants, individually or collectively; and/or (b) Employment Agreements and/or non-compete obligations of Defendant Elemary." (Doc. No. 22 at PageID 212.) This request would require the expedited production of any correspondence (created in the last fifteen-plus months) in Wurth's possession that "pertain, refer, or relate to" one of its key employees (Elemary, its Director of Engineering). And, that is only focusing on one portion of that request. As another example, proposed production request number 9 requests "[a]ll documents, emails, texts, correspondence and voicemails sent or received by Victor Reasinger and/or William Triska relating to or referring to Defendant Elemary from January 1, 2022 to the present." (Doc. No. 22 at PageID 213.) Defendants defend this request in their Reply by arguing that, because Elemary (allegedly) had discussions with Reasinger and Triska about Elemary's "desire to resign and start his own business" and about Elemary's non-compete (or lack thereof), "any documents and emails in their possession relating to Defendant Elemary during that [more than 15-month] time period are necessary to discover and be able to use at the preliminary injunction." (Doc. No. 24 at PageID 228.) However, it is not a stretch to assume that Reasinger and Triska sent or received numerous documents over the past 15 months that relate or refer to their company's own Director of Engineering yet have nothing to do with Elemary's desire to resign or his non-compete (or lack thereof) or any relevant topic in this litigation. In short, the request is not narrowly tailored to the preliminary injunction issues. Another proposed production request (number 3) asks Wurth to give the Defendants "[a]ll 'confidential documents' as defined in Paragraph 3 of the Verified Complaint which Plaintiff allege[s] Defendant Elemary converted and/or wrongfully took." (Doc. No. 22 at PageID 213.) While this request may be appropriate as an interrogatory to identify such documents, the Court is confused as to how Wurth is supposed to produce documents that it alleges Elemary took.

[3] Obviously, this does not preclude Defendants from calling Reasinger and Triska as witnesses at the evidentiary hearing.

5

injunction; in fact, plaintiff does not even identify the topics on which it seeks to examine" the defendant); *St. Louis Grp.*, 275 F.R.D. at 241 (denying expedited discovery request to depose plaintiff's representative and another individual "because it is unclear if Defendants are seeking free-ranging depositions of these witnesses or whether they are simply seeking to depose the witnesses" about a particular relevant topic).

Yet, the Court also finds that Defendants have met their burden of showing good cause to require expedited discovery with respect to a few of the individual proposed expedited production requests. *PUI Audio*, 2021 WL 5166402, at *2 (analyzing individual expedited discovery requests; ordering non-movant to comply with some but not others). This includes some requests that must be slightly modified to reduce the prejudice to Wurth. *Id.* (denying some proposed expedited production requests while ordering that other proposed production requests be complied with as slightly modified by the Court). Additionally, the Defendants' proposed production deadline is unnecessarily short and unduly burdensome, so the Court modifies that too while accounting for the evidentiary hearing date.

Specifically, the Court **ORDERS** that Wurth, on or before Tuesday, April 25, 2023 (or on another date if that other date is mutually agreeable by all parties) produce the following documents to Defendants:

    A. Employment agreements that contain non-compete obligations executed by former employees of Wurth whose primary place of employment was in Ohio and who left Wurth's employment (voluntarily or involuntarily) since January 1, 2020;

    B. The non-disclosure agreements that Wurth asserts it is in violation of "by Elemary's actions," as alleged in Paragraph 4 of the Verified Complaint;

    C. All documents evidencing Wurth's allegation that Uhandis has solicited Wurth's

      customers that Wurth may use at the evidentiary hearing; and,

    D. All documents showing that Elemary acknowledged and agreed to abide by Wurth's Employee Handbook.

To the extent that it is not already permitted under the Stipulated Protective Order previously entered in this case (Doc. No. 19), the Court will allow Wurth to make limited redaction (only to the extent necessary) in any documents produced pursuant to this Order so as to protect Wurth's trade secret, proprietary, or confidential information.

    Finally, the Court stresses that allowing the discovery in this order does not prevent any party from conducting additional discovery during the remainder of this case in accordance with the rules. The Court's decisions in this order are based on the legal standards for requests for expedited discovery and the specific requests in the Motion. Additionally, this order in no way should be read as allowing Defendants (personally) to access to Wurth's trade secret information.

    **DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, April 18, 2023.

                                                        s/Thomas M. Rose

                                                THOMAS M. ROSE
                                     UNITED STATES DISTRICT JUDGE